## PEOPLE–TO–PEOPLE SPORTS COMMITTEE, INC., Appellant,

v.

## U.S.26 CORP. and Courageous Syndicate, Inc., Appellees.

### No. 470, Docket 87–7689.

United States Court of Appeals, Second Circuit.

Argued Jan. 21, 1988.

Decided Feb. 12, 1988.

David H. Peirez, Garden City, N.Y. (Richard J. Matthews, and Reisman, Peirez, Reisman & Calica, Garden City, N.Y., on the brief), for appellant.

Michael J. Trainor, White Plains, N.Y. (Bleakley & Schmidt, White Plains, N.Y., on the brief), for appellees.

Before FEINBERG, Chief Judge, and TIMBERS and KEARSE, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant People–To–People Sports Committee, Inc. ("People–To–People") appeals from a judgment entered July 14, 1987 after a bench trial in the Eastern District of New York, Leonard D. Wexler, *District Judge*, dismissing its breach of contract claim against appellees U.S.26 Corp. and Courageous Syndicate, Inc., and finding that a contribution made by appellees covered the contract claim and appellant would be unjustly enriched by requiring a second payment. Appellant claims that the payment found by the court to satisfy a contractual obligation was a separate unconditional donation for which the donor took a tax deduction, that the donor's tax treatment is inconsistent with his claim that the payment satisfied a contractual obligation, and that we would be sanctioning a tax fraud were we to permit the donor to characterize the payment as contractual. ·

People–To–People is a non-profit tax-exempt corporation which supports a variety of educational and charitable international athletic programs, including the America's

Cup yacht race. For the 1983 America's Cup campaign, People–To–People aligned itself with the Defender/Courageous Group (the "Group"), an unincorporated association of individuals organized to seek the right to represent the United States in defense of the Cup. They chartered the yacht "Courageous" from appellee U.S.26 Corp., the owner. Under their arrangement, publicly donated funds received by People–To–People were used to pay for all operating and non-capital expenses such as routine maintenance and repair and salaries of crews.

U.S.26 Corp. was owned by David Vietor. Safe Flight Instrument Corp., a company owned by Leonard M. Greene, had loaned Vietor the money to buy Courageous and held a mortgage on the yacht.

The Group decided to make major improvements on Courageous. The boatyard that worked on the yacht refused to release it until the boatyard's bills were paid in full. The Group could not pay immediately. The America's Cup trials were imminent. Due to the exigency of the situation, the parties agreed that People–To–People would expend the necessary funds. In return, Vietor would reimburse it for the amount spent for capital improvements or, in the alternative, when and if the boat were sold, both would share equally in the value added by the improvements. The agreement was memorialized by an unsigned memorandum. The instant action stems from that agreement.

Less than a month after the agreement, Vietor sold 51% of the stock in U.S.26 Corp. to Safe Flight Instrument Corp., Greene's company. The name of U.S.26 Corp. was changed to the Courageous Syndicate, Inc. Subsequent to Greene's purchase of the stock, People–To–People sent him bills from the boatyard. Although he stated that he was unaware of any contractual obligation on his part, Greene gave People–To–People a donation of $200,000, for which he took a tax deduction.

People–To–People sued appellees for breach of contract. After a bench trial, the court dismissed the claim. In its oral decision, the court found that the agreement did not give People–To–People a proprietary interest in Courageous. This determination was not challenged on appeal. The court also found, without specifying the value of the improvements made, that the donation was much greater than the cost of the improvements. The court did not rule on whether the repairs were capital improvements or on whether the boat was supposed to be restored to its original condition. The court concluded that appellees had a valid defense of payment, and that People–To–People would be unjustly enriched by receiving a second payment.

On appeal, People–To–People claims that this donation was an unconditional and unrestricted gift, separate from the contractual obligation and that if it had been payment on the contract, it would not have been deductible. To permit Greene to claim it was a contractual payment while he is taking a tax deduction for the full amount of the donation, so People–To–People's argument goes, would be sanctioning tax fraud.

We hold that the district court's factual findings suffice to support its conclusion that Greene's affirmative defense was valid, and those findings are not clearly erroneous. Upon the facts of this case, even if Greene should not have taken a tax deduction, it is the Internal Revenue Service and not People–To–People that should recover. We therefore leave it to the IRS to make this determination.

Affirmed.